IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Metropolitan Life Insurance Company,<br><br>        Plaintiff,<br><br>vs.<br><br>Lisa D. Sightler and Sharon A. Sightler,<br><br>        Defendants.<br>_____<br><br>Lisa D. Sightler,<br><br>        Counter Claimant,<br><br>vs.<br><br>Metropolitan Life Insurance Company,<br><br>        Counter Defendant. | C/A No. 3:13-cv-01661-JFA<br><br>**ORDER** |

     Metropolitan Life Insurance Company ("MetLife") filed this interpleader action after receiving competing claims to the life insurance policy (*See* ECF No. 1-1) of Andrew B. Sightler ("Decedent"). Defendant Sharon Sightler is the former spouse of the Decedent. The Decedent remarried Defendant Lisa Sightler. The Final Divorce Decree entered into between Decedent and Sharon Sightler required Decedent to maintain a $50,000.00 life insurance policy with Sharon Sightler designated as the beneficiary for the benefit of their children. ECF No. 25. The Decedent subsequently designated his new wife, Lisa Sightler as the primary beneficiary of Decedent's life insurance policy with MetLife. Sharon Sightler was listed as a contingent beneficiary. The record shows no alteration of the Final Divorce Decree between Decedent and Sharon Sightler.

South Carolina case law clearly shows that Sharon Sightler is entitled to $50,000.00 under the policy at issue in this case. A valid divorce decree exists—requiring the Decedent to maintain a $50,000.00 life insurance policy in Sharon Sightler's favor—and there is no evidence that the Decedent had any such life insurance policy other than the policy with MetLife at issue in this litigation. Therefore, despite a beneficiary designation to the contrary, Sharon Sightler is entitled to $50,000.00 under the policy. *See Glover v. Inv. Life Co. of Am.*, 312 S.C. 126, 130, 439 S.E.2d 297, 299 (S.C. Ct. App. 1993).

Therefore, the court grants Defendant Sharon Sightler's unopposed motion for summary judgment, *with prejudice*. ECF No. 25. Because the court finds that Sharon Sightler is entitled to $50,000.00 under the policy, the court grants MetLife's unopposed motion to dismiss Lisa Sightler's counterclaims for breach of contract and bad faith, *with prejudice*. ECF No. 28. Having resolved which party is entitled to the proceeds at issue, the court finds as moot MetLife's motion for interpleader. ECF No. 28. The court directs MetLife to pay $50,000.00, less reasonable attorney fees and costs to be approved by the court,[1] directly to Sharon Sightler, once the period to file an appeal in this matter has expired. Such payment shall discharge MetLife's obligations under the policy.

IT IS SO ORDERED.

April 14, 2014                                       Joseph F. Anderson, Jr.
Columbia, South Carolina                    United States District Judge

---

[1] The court directs MetLife to submit a statement of attorney's fees and costs to the court within seven days of this order. MetLife shall not pay the policy proceeds to Sharon Sightler until this court has approved or denied MetLife's attorney fees and costs in this matter.